# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| YAUSMENDA FREEMAN,<br>    Plaintiff(s),<br>v.<br>TRANSUNION, LLC,<br>    Defendant(s). | Case No. 2:21-cv-01117-JAD-NJK<br><br>**Order**<br><br>[Docket Nos. 16, 21] |

Pending before the Court is Petitioner's third amended petition to perpetuate testimony. Docket No. 16.[1] Respondent filed a response in opposition, as well as a motion to dismiss the petition. Docket No. 21. Petitioner filed a response in opposition to the motion to dismiss. Docket No. 24. Respondent filed a reply. Docket No. 28. These matters are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, Plaintiff's petition to perpetuate testimony is **DENIED** and the motion to dismiss is **DENIED** as moot.[2]

---

[1] As Petitioner is proceeding without an attorney, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Petitioner's request is at bottom a discovery-type issue and magistrate judges are frequently tasked with resolving discovery disputes. *See, e.g.*, *Columbia Pics., Inc. v. Bunnell*, 245 F.R.D. 443, 448 (C.D. Cal. 2007). Such a ruling is non-dispositive in nature even though this discovery issue is the only matter being litigated in this miscellaneous action. *See, e.g.*, *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *3 (D. Nev. May 28, 2015) (collecting cases), *objections overruled*, 2015 WL 7258483, at *2-3 (D. Nev. Nov. 17, 2015). Indeed, nothing herein prevents Petitioner from filing a separate lawsuit on any substantive claim she may have against Respondent. Accordingly, the undersigned resolves this matter through issuance of an order. Of course, to the extent either party disagrees with this characterization, they are free to raise such arguments in any objection to this order. *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009); *see also Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015) (as part of waiver analysis, encouraging magistrate judges to advise litigants of the ability to object to a determination that a matter is non-dispositive).

The Federal Rules of Civil Procedure provide a framework for persons wanting to perpetuate testimony by taking a deposition before an action is filed. *See* Fed. R. Civ. P. 27(a).[3] The circumstances in which such a deposition is warranted are limited. The first requirement for obtaining such relief is that the petitioner expects to be a party to an action but cannot presently bring it or cause it to be brought. Fed. R. Civ. P. 27(a)(1)(A); *O'Leary*, 63 F.3d at 935. The case law further clarifies that this inability cannot be premised on a lack of evidence that the deposition is meant to cure; the deposition cannot be used as a means to gather facts to bring suit. *See, e.g.*, *Cole*, 2011 WL 13240402, at *2. Another requirement for obtaining relief is that the petitioner has shown that the testimony may be lost if not obtained immediately. *See Calderon v. U.S. Dist. Ct. for N. Dist. of Cal.*, 144 F.3d 618, 621 (9th Cir. 1998). Such circumstances might derive in a particular case where a witness is gravely ill, elderly, or likely to leave the country for a prolonged period. *See, e.g.*, *Cole*, 2011 WL 13240402, at *2.[4]

The Court agrees with Respondent that an insufficient showing has been made on these issues. First, Petitioner claims that she may file suit for alleged consumer protection violations related to her request that TransUnion remove certain information from her credit report, *see, e.g.*, Docket No. 16 at ¶¶ 28-31; *see also* Docket No. 24 at 3 (referencing alleged violation of the Fair Credit Reporting Act), but Petitioner contends that she cannot bring that lawsuit until an IRS audit is completed, *see* Docket No. 16 at ¶ 51; *see also* Docket No. 24 at 9 (asserting that outcome of

---

[3] Petitioner refers to Rule 27(c) and questions whether the same requirements apply for requests under Rule 27(a). Docket No. 24 at 2. The Ninth Circuit has explained that Rule 27(c) "was not intended to expand the applicability of the other provisions of the Rule." *Nev. v. O'Leary*, 63 F.3d 932, 936-37 (9th Cir. 1995). Moreover, the required showing is the same regardless of whether a petitioner relies on Rule 27(a) or Rule 27(c). *See Cole v. Bank of Am., LLC*, 2011 WL 13240402, at *2 n.1 (D. Nev. Sept. 7, 2011); *see also* 6 MOORE'S FEDERAL PRACTICE, § 27.51 (3d ed.) (whether a request is brought under Rule 27(a) or Rule 27(c), the required showing is "almost identical"). The specific requirements identified herein have been found to apply in the context of Rule 27(c). *See, e.g.*, *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 440 (7th Cir. 1994) (discovery may be obtained under Rule 27(c) for documents "if they are competent records, material to the matter in controversy, that cannot be obtained in ordinary discovery because the plaintiff is not yet in a position to initiate such an action, but that might be lost if the plaintiff cannot now obtain them").

[4] The Court does not identify herein all of the requirements for obtaining the relief being sought. Given the shortcomings identified herein, the Court need not opine on whether Petitioner has complied with the other applicable requirements.

audit may impact damages).  A vague reference to an IRS audit is not sufficient to show an inability to bring suit and Plaintiff has not otherwise explained why her expected lawsuit cannot be filed now.[5]  Second, Petitioner claims that testimony might be lost because, in effect, she does not trust Respondent.  *See* Docket No. 28 at 6 (asserting that Respondent allegedly "concealed or suppressed material facts").  Such fear is speculative and is not supported by the record.

Accordingly, Petitioner has not demonstrated that she is entitled to a deposition before filing suit and her petition to perpetuate testimony is **DENIED**.  Respondent's motion to dismiss is **DENIED** as moot.

IT IS SO ORDERED.

Dated: November 22, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] Petitioner also references that she has yet to file her 2020 tax return and that it may be audited.  *Id.* at ¶ 52.  Such vague reference to the 2020 tax return likewise fails to show that the lawsuit described cannot be brought now.  Lastly, Petitioner relies on a case in which the court determined that a petitioner could not bring suit challenging an anticipated tax assessment given a statutory requirement to bring such suit at least six months after filing a claim with the Commissioner.  *See Petitioner of Ernst*, 2 F.R.D. 447, 449, 451 (S.D. Cal. 1942).  That decision is inapposite here.